IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01380–EWN–MEH

JONATHAN BURROUGHS,

    Plaintiff,

v.

THE HOME DEPOT et. al.,

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This is an employment discrimination case. Plaintiff Jonathan Burroughs, proceeding *pro se*, alleges that Defendant The Home Depot discriminated against him on the basis of race by creating a hostile work environment, terminating his employment, and retaliating against him for Equal Employment Opportunity Commission ("EEOC") activity.

    On July 5, 2007, I referred this case to Magistrate Judge Michael E. Hegarty for pretrial case management and recommendations on dispositive motions, and on December 19, 2007, the magistrate judge recommended that I grant an outstanding motion to dismiss, which he had converted into a motion for summary judgment. This matter is before the court on Defendant's "Motion to Dismiss," filed November 2, 2007, the magistrate judge's recommendation, and "Plaintiff's Objection to Recommendation [sic] Motion for Summary Judgment," filed December 27, 2007. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 29, 2007, Plaintiff filed a *pro se* complaint in this court alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Title VII Compl. [filed June 29, 2007] [hereinafter "Compl."].) Plaintiff checked boxes on the complaint indicating that Defendant had discriminated against him through "[d]emotion/discharge from employment," and "[r]etaliation from filing [an] EEOC claim." (*Id*. at 2.) Plaintiff made no factual allegations, but merely attached a copy of his December 27, 2004, charge of discrimination to the EEOC, and the EEOC's undated determination letter relating to this charge. (*Id.* at 4–5.)

      In his EEOC charge, Plaintiff represented the following:

      I. I was harassed by the Night Manager beginning in February 2004 and continuing until September 2004. I was treated to different terms and conditions of employment than of [sic] employees beginning in February 2004 and continuing into September 2004. I was discharge [sic] from my position of Night Stocker on or about September 10, 2004.
      II. I was told the reason I was discharged was because I had accumulated too many points.
      III. I believe that I have been discriminated against because of my race, White, in violation of [Title VII] insomuch as:
      a. I have been performing my job satisfactorily. I began working for the company in January 2003.
      b. The Night Manager would use profanity around me and other non-Black employees on an occasional basis.
      c. The Night Manager would frequently talk socially for hours with Black employees on the floor, but would only talk to me and other White employees when he had something for us to do. As a result, the White employees had to pick up the slack for the time the Black employees were socializing and not working.
      d. The point system I was fired for allegedly violation [sic] was not fairly managed. Sometimes I would be mark [sic] tardy because no one was there to open the door when I arrived. Other times I believe employees who were favored by management were not given points for tardiness or absences.

(*Id.* at 4.)

In its determination letter, the EEOC noted Plaintiff had alleged "harassment, a hostile work environment, different terms and conditions of employment, and . . . [discharge]" because of his race. (*Id.* at 5.) The EEOC recited that it had reviewed "all the evidence obtained during the investigation and during the EEOC's related investigation resulting in entry of a Consent Decree in a [separate ongoing class action lawsuit involving Defendant]," and that, based on this review, "there is reasonable cause to believe that there is a violation of Title VII in that [Defendant] manifested a pattern and/or practice of hostile work environment based on gender, race and national origin, and retaliation during the period of January 1, 2000 and September 23, 2004." (*Id.*) The EEOC found that such claims had nonetheless been "released and discharged pursuant to the aforementioned Consent Decree," and concluded that it was making "no finding regarding any other allegation made in [Plaintiff's] charge." (*Id.*)

On November 2, 2007, Defendant moved to dismiss Plaintiff's complaint on the grounds that he had: (1) released any retaliation or hostile work environment claims pursuant to the consent decree; and (2) failed to state a claim for hostile work environment, discriminatory discharge, or retaliation. (Mot. to Dismiss at 4–10 [filed Nov. 2, 2007].) In support of this motion, Defendant appended a copy of Plaintiff's signed release in the class action, which stated:

> Under this Consent Decree, individuals who are determined by the EEOC to be class members may receive payment from the Settlement Fund in exchange for accepting the terms of this [release], which releases [Defendant] from all Title VII claims for retaliation, and all Title VII claims for hostile work environment based on gender, race, or national origin, arising from events which occurred between January 1, 2000, and September 23, 2004.

-3-

(*Id.*, Ex. A at 1 [Release].) On November 21, 2007, the magistrate judge advised the parties that he was converting Defendant's motion to dismiss into a motion for summary judgment, and ordered Plaintiff to respond to Defendant's converted motion by December 10, 2007. (Notice of Conversion to Summ. J. [filed Nov. 21, 2007].) Plaintiff never responded.

On December 19, 2007, the magistrate judge recommended that I grant Defendant's converted motion for summary judgment because: (1) the release in the class action barred Plaintiff's retaliation and hostile work environment claims; and (2) Plaintiff failed to adequately allege or support his discriminatory discharge claim. (Recommendation on Mot. for Summ. J. at 5–7 [filed Dec. 19, 2007] [hereinafter "Mag. Rec."].)

On December 27, 2007, Plaintiff objected to the magistrate judge's recommendation, arguing that: (1) he is entitled to default judgment on all claims because Defendant filed its motion to dismiss twenty-one days after he had filed his complaint; (2) Defendant retaliated against him following his EEOC charge by giving prospective employers bad job recommendations; and (3) the EEOC "found in [his] favor on both" his retaliation and discriminatory discharge claims. (Obj. to Recommendation [sic] Mot. for Summ. J. at 1 [filed Dec. 27, 2007] [hereinafter "Pl.'s Br."].) On January 15, 2008, Defendant responded, arguing that: (1) the magistrate judge's recommendation should be adopted due to Plaintiff's failure to respond to Defendant's converted motion for summary judgment; (2) Plaintiff has not properly moved for default judgment; (3) Plaintiff failed to properly plead or exhaust administrative remedies relating to his apparently new retaliation theory; and (4) Plaintiff cannot establish a *prima facie* case of discriminatory discharge. (Resp. to Pl.'s Obj. to Recommendation on Mot.

for Summ. J. at 3–14 [filed Jan. 15, 2008] [hereinafter "Def.'s Resp."].) Plaintiff never replied. These matters are ripe for review.

**ANALYSIS**

*1.     Legal Standard*

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (2008). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. A *pro se* plaintiff's papers should be construed liberally, and held to a less stringent standard than formal papers filed by attorneys. *See Truckwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nonetheless, such liberal construction of a *pro se* plaintiff's complaint "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an

absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e)(2) (2008). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

*2.    Evaluation*

Plaintiff objects to the magistrate judge's recommendation on the grounds that: (1) he is entitled to default judgment due to Defendant's failure to timely answer his complaint or file a responsive pleading; (2) Defendant retaliated against him following his EEOC charge by giving prospective employers bad job recommendations; and (3) the EEOC "found in [his] favor on both" his retaliation and discriminatory discharge claims. (Pl.'s Br. at 1.) I address each contention in turn.

### a. Defendant's Failure to Answer Plaintiff's Complaint or File a Responsive Pleading Within Twenty Days

Plaintiff first contends that he is entitled to default judgment because Defendant failed to answer his complaint or file a responsive pleading within twenty days. (*Id.*) Specifically, Plaintiff contends that Defendant filed its motion to dismiss on November 2, 2007, which was one day past the twenty days permitted for a responsive pleading under the federal rules. (*See id.*) Defendant responds that Plaintiff has not properly moved for default judgment. (Def.'s Resp. at 4–5.) For the following reasons, I agree with Defendant.

In the Tenth Circuit, "theories raised for first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle,* 261 F.3d 1030, 1031 (10th Cir 2001) (citation omitted). Additionally, under this court's local rules, "[a] motion shall be made in a separate paper." D.C.COLO.LCivR 7.1(c) (2008). The decision of whether to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation and quotation marks omitted).

In the instant case, I find that Plaintiff's failure to raise the alleged untimeliness of Defendant's motion to dismiss in response to that motion precludes him from now raising it in his objection. *See Garfinkle,* 261 F.3d at 1031. Additionally, I find that Plaintiff's *de facto* motion for default judgment must be struck from his objection for failure to comply with this court's local rules. *See* D.C.COLO.LCivR 7.1(c) (2008). Finally, even were I to consider Plaintiff's motion on its merits, I would exercise my discretion to deny it because: (1) Defendant filed its motion to dismiss only one day late; (2) Plaintiff has alleged no prejudice resulting from

this untimely filing; (3) and there is a strong judicial preference for the disposition of litigation on its merits. *See, e.g.*, *Roberts v. Paulson*, 263 F. App'x 745, 748 (10th Cir. 2008) (holding that district court did not abuse its discretion in granting a defendant's motion to dismiss rather than a plaintiff's motion for default judgment premised upon the defendant's failure to timely answer a complaint). Accordingly, I find Plaintiff has failed to properly move for default judgment, and, in the alternative, exercise my discretion to deny this motion.

> **b.** *Defendant's Retaliation Against Plaintiff Following His EEOC Charge by Giving Plaintiff Bad Job Recommendations*

Plaintiff next argues that the magistrate judge erred in finding his retaliation claim barred because, in his own words: "The retaliation I speak of, is a representative from [Defendant] was giving prospective employers bad job recommendations, which made it impossible for me to find gainful employment for a period of [twenty-one] months." (Pl.'s Br. at 1.) Although unexplained, Plaintiff appears to argue that the magistrate judge erred in holding that the release barred his retaliation claim because this release only covered actions occurring before September 23, 2004. Defendant responds that Plaintiff never properly pled his retaliation claim, and never exhausted administrative remedies relating to this claim. (Def.'s Resp. at 6–9.) For the following reasons, I agree with Defendant's second argument, and additionally find that Plaintiff's retaliation claim must be dismissed for two reasons discussed *infra*.

"It is fundamental law that a plaintiff may not assert a Title VII claim with respect to conduct not first asserted in a discrimination charge filed with the EEOC." *Holmes v. Utah, Dep't of Workforce Servs.*, 483 F.3d 1057, 1070 (10th Cir. 2007). "Title VII requires each

discrete act of discrimination . . . to be described in and the subject of a timely filed charge." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007).

In the instant case, Plaintiff's December 27, 2004, EEOC charge provided no indication that he was claiming retaliation based on Defendant's alleged provision of bad job recommendations to prospective employers. (*See* Compl. at 4.) Instead, this charge omits any reference to retaliation, and leaves unchecked a box for "retaliation." (*See id.*) The EEOC did not read Plaintiff's charge as alleging retaliation, and instead noted that Plaintiff had alleged "harassment, a hostile work environment, different terms and conditions of employment, and . . . [discharge]" based on his race. (*Id.* at 5.) Plaintiff acknowledges that "the retaliation occurred after [his] claim had been filed with the EEOC" and proffers no additional charge or charges with the EEOC. (Pl.'s Br. at 1.) Accordingly, I find Plaintiff has failed to describe the "discrete act of" retaliation in any EEOC charge, and that he consequently cannot "assert a Title VII claim with respect to" this act. *Holmes*, 483 F.3d at 1070.

Alternatively, I find that Plaintiff: (1) waived his argument pertaining to retaliation by failing to raise it before the magistrate judge; and (2) failed to demonstrate a triable issue of fact as to whether such retaliation occurred because he has proffered no admissible evidence suggesting that Defendant actually gave bad job recommendations to prospective employers. *See Garfinkle,* 261 F.3d at 1031; *Celotex*, 477 U.S. at 324 (requiring nonmovant on motion for summary judgment to designate specific *facts* demonstrating a genuine issue for trial). Based on the foregoing, I find the magistrate judge correctly concluded that Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

### c. The EEOC's Determination "in [Plaintiff's] Favor" on His Retaliation and Discriminatory Discharge Claims

Lastly, Plaintiff contends that summary judgment on his retaliation and discriminatory discharge claims is inappropriate because "the EEOC found in [his] favor on both of those claims." (Pl.'s Br. at 1.) In response, Defendant argues that the EEOC's determination is irrelevant to Plaintiff's ability to establish a *prima facie* case of discriminatory discharge. (Def.'s Resp. at 10–14.) For the following reasons, I agree with Defendant.

To establish a *prima facie* case of discriminatory discharge in the absence of direct evidence of discrimination, a plaintiff must show: "(1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; and (3) he was terminated under circumstances giving rise to an inference of discrimination." *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004). When a plaintiff is a member of an historically favored group, he must also point to "'background circumstances support[ing] the suspicion that the defendant is that unusual employer who discriminates against the majority.'" *Adamson v. Multi Cmty. Diversified Servs. Inc.*, 514 F.3d 1136, 1149 (10th Cir. 2008) (citations omitted). Alternatively, to show reverse discrimination through direct evidence, a plaintiff must "allege and produce evidence sufficient to support a reasonable inference that, *but for* his status [as a member of an historically favored group], the challenged decision would not have occurred." *Id.* at 1150 (emphasis in original).

In the instant case, the magistrate judge held that Plaintiff failed to proffer evidence he was "qualified and satisfactorily performing his job," or that "background circumstances support

the suspicion that the defendant is that unusual employer who discriminates against the majority." (Mag. Rec. at 7); *Salguero*, 366 F.3d at 1175; *Adamson*, 514 F.3d at 1149. In objecting to the magistrate judge's recommendation, Plaintiff ignores this holding, and merely contends that the EEOC's determination renders summary judgment on his discriminatory discharge claim inappropriate. (Pl.'s Br. at 1.) I disagree. In its determination letter, the EEOC found "there is reasonable cause to believe that there is a violation of Title VII in that [Defendant] manifested a pattern and/or practice of hostile work environment based on gender, race and national origin, and retaliation during the period of January 1, 2000 and September 23, 2004." (Compl. at 5.) The EEOC stated that was making "no finding regarding any other allegation made in [Plaintiff's] charge." (*Id.*) Accordingly, I find the EEOC's determination irrelevant to Plaintiff's discriminatory discharge claim, and insufficient to demonstrate a triable issue of fact as to whether: (1) Plaintiff was "qualified and satisfactorily performing his job;" (2) "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority;" or (3) but for Plaintiff's race, he would not have been discharged. *Salguero*, 366 F.3d at 1175; *Adamson*, 514 F.3d at 1149–50. Consequently, I find the magistrate judge correctly determined Defendant was entitled to summary judgment on Plaintiff's discriminatory discharge claim.

To the extent Plaintiff also argues summary judgment is inappropriate on his retaliation claim due to the EEOC's determination, I observe the EEOC expressly noted that this claim had been "released and discharged pursuant to the . . . Consent Decree," and that Plaintiff has not objected the magistrate judge's analysis independently reaching the same conclusion. (Compl. at

the suspicion that the defendant is that unusual employer who discriminates against the majority." (Mag. Rec. at 7); *Salguero*, 366 F.3d at 1175; *Adamson*, 514 F.3d at 1149. In objecting to the magistrate judge's recommendation, Plaintiff ignores this holding, and merely contends that the EEOC's determination renders summary judgment on his discriminatory discharge claim inappropriate. (Pl.'s Br. at 1.) I disagree. In its determination letter, the EEOC found "there is reasonable cause to believe that there is a violation of Title VII in that [Defendant] manifested a pattern and/or practice of hostile work environment based on gender, race and national origin, and retaliation during the period of January 1, 2000 and September 23, 2004." (Compl. at 5.) The EEOC stated that was making "no finding regarding any other allegation made in [Plaintiff's] charge." (*Id.*) Accordingly, I find the EEOC's determination irrelevant to Plaintiff's discriminatory discharge claim, and insufficient to demonstrate a triable issue of fact as to whether: (1) Plaintiff was "qualified and satisfactorily performing his job;" (2) "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority;" or (3) but for Plaintiff's race, he would not have been discharged. *Salguero*, 366 F.3d at 1175; *Adamson*, 514 F.3d at 1149–50. Consequently, I find the magistrate judge correctly determined Defendant was entitled to summary judgment on Plaintiff's discriminatory discharge claim.

To the extent Plaintiff also argues summary judgment is inappropriate on his retaliation claim due to the EEOC's determination, I observe the EEOC expressly noted that this claim had been "released and discharged pursuant to the . . . Consent Decree," and that Plaintiff has not objected the magistrate judge's analysis independently reaching the same conclusion. (Compl. at

5; *see also* Mag. Rec. at 5–6.) Accordingly, I find the magistrate judge correctly determined that Defendant was entitled to summary judgment on Plaintiff's retaliation claim.

## 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. Plaintiff's objection to the magistrate judge's recommendation (# 28) is OVERRULED; and

2. Defendant's motion to dismiss (#14) is GRANTED.

The clerk shall forthwith enter judgment in favor of Defendant and against Plaintiff, dismissing all of Plaintiff's claims with prejudice. Defendant may have its costs by filing a bill of costs within eleven days of the date of this order.

Dated this 8th day of July, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge